[No. 2047. Decided March 11, 1896.]

ALBERT C. DAMON *et ux., Appellants,* v. N. P. LEQUE *et al., Resyondents.*

RIGHTS AND REMEDIES—SUFFICIENCY OF COMPLAINT—FORECLOSURE OF MORTGAGE.

A demurrer to a complaint on the ground that it does not state a cause of action should not be sustained, where the complaint states facts sufficient to entitle the plaintiffs to the foreclosure of a mortgage against the defendants, who were subsequent execution purchasers of the property but had not been made parties to the original foreclosure proceedings, although the prayer in the present action is to quiet the title based upon the decree of foreclosure in the former action.

Appeal from Superior Court, Snohomish County.— Hon. JOHN C. DENNEY, Judge. Reversed.

*E. L. Minard,* and *Byron Millett,* for appellants.

*Burke, Shepard & Woods,* for respondents.

The opinion of the court was delivered by

SCOTT, J.—Judgment went against the plaintiffs in this action on a demurrer interposed by the defendants to their complaint, on the ground that it failed to state a cause of action. The action purported to be one to remove a cloud from title. The complaint alleged, however, that one Iverson and wife, who were then the owners of the land in controversy, executed to the plaintiffs a mortgage thereon to secure the payment of $950 and alleged the foreclosure of such mortgage and a sale of the land thereunder to the plaintiffs; that after the giving of the mortgage, and prior to the institution of said foreclosure suit, said land was levied upon and sold under an execution issued on an ordinary money judgment against the Iversons, and a sheriff's deed was issued in pursuance thereof, under which the defendants claim, and which was of record at the time said foreclosure action was commenced.

The defendants were not made parties to the foreclosure suit, and, of course, their rights were not concluded in that action; but we are of the opinion that the complaint states facts sufficient to entitle the plaintiffs to a foreclosure of said mortgage as against the defendants, and for that reason the court committed error in sustaining the general demurrer thereto. If a plaintiff sets forth facts constituting a cause of action and entitling him to some relief, he is not to be turned out of court because he has misconceived the nature of his remedial right. Pomeroy, Code Remedies, § 71.

Reversed and remanded for further proceedings.

DUNBAR and ANDERS, JJ., concur.

HOYT, C. J., dissents.

GORDON, J., took no part.