[No. 3416. Decided December 18, 1899.]

J. FRANK WATSON, *Trustee, Appellant,* v. JAMES N. GLOVER *et al., Respondents.*

RIGHTS AND REMEDIES—MISNAMING FORM OF ACTION—SUFFICIENCY OF COMPLAINT.

Under the code system of pleading, where a complaint states facts sufficient to entitle plaintiff to relief, it is not demurrable because it does not state facts sufficient under the name he has given his action, through a misconception of the nature of his remedial right.

QUIETING TITLE—CONFLICTING CLAIMS TO REAL PROPERTY—SUFFICI-
ENCY OF COMPLAINT.

A complaint states a cause of action, under Bal. Code, § 5521,
which provides that any person in possession of real property may
maintain a civil action against any person claiming an interest
adverse to him, for the purpose of determining such claim, estate
or interest, when the complaint alleges that plaintiff is in posses-
sion of the realty described as a trustee of certain defendants, for
the use and benefit of their creditors; that such defendants claim
they are entitled to the premises, never having been divested of
their title and interest in any way; and that the deed of trust
given by them for the benefit of creditors did not convey the
premises in controversy.

Appeal from Superior Court, Spokane County.—Hon.
LEANDER H. PRATHER, Judge.　Reversed.

*Samuel R. Stern,* for appellant.

*Nash & Nash,* for respondents.

The opinion of the court was delivered by

GORDON, C. J.—In brief the complaint alleges that the
defendants, Herman Loewenberg and Bernard Loewen-
berg, being theretofore partners in a general merchandis-
ing business in the city of Spokane, and then insolvent,
in January, 1895, transferred all of their real and per-
sonal property, including the property described in the
complaint in the present action, to one James N. Glover,
as trustee for the use and benefit of creditors.　Thereupon
Glover executed a declaration of trust.　Thereafter cer-
tain creditors assailed the transfer as being fraudulent,
and in that proceeding the Loewenbergs participated, as-
serting the good faith of the transfer, which was, upon
appeal, sustained by this court.　See *Vietor v. Glover,*
17 Wash. 37 (48 Pac. 788).　Subsequent to the transfer
to Glover and the execution by him of the declaration of
trust, by mutual agreement of all of the parties to the
trust, the appellant was substituted for Glover as such
trustee, with all the powers of disposition of the real and

personal property theretofore possessed by Glover. Plaintiff further alleges that the defendants Loewenberg "claim that they have an interest in, and are entitled to, the premises [described in the complaint], and that they have never been divested of said interest by any legal proceeding, transfers, or in any other manner whatsoever;" and, further, that they "claim and charge the fact to be, that the transfer hereinbefore referred to, and made to the said James N. Glover as trustee, and by him transferred to the plaintiff as trustee, did not convey the premises in said last paragraph described," etc.

The complaint further alleges that, by reason of the claims and pretensions of the defendants Loewenberg, the plaintiff is unable to sell or dispose of the property. To this complaint the defendants Loewenberg interposed a general demurrer, which was sustained. The plaintiff, electing to stand by his pleading, has appealed from the order and from the judgment of dismissal which followed.

It is not entirely clear, from the brief of appellant's counsel, whether the action is regarded by him as an action to remove cloud upon title, which is the designation given to the complaint, and authorized by § 5500, Bal. Code, or whether it is to be regarded as brought under § 5521, Bal. Code, for the purpose of having the claim or interest which the defendants are asserting judicially determined. The respondents have elected to treat the complaint as being an action to remove cloud, and, very properly we think, reason and conclude that the complaint is insufficient for that purpose. Without reviewing the cases bearing upon the subject, it may safely be asserted that, in an action to remove a cloud upon title, the instrument assailed must be of apparent validity, and it is incumbent upon the plaintiff to show the facts which constitute its invalidity. Jurisdiction of courts of equity in actions of this kind was recognized and established long before the

enactment of statutes upon the subject. But statutes like § 5521, *supra,* were enacted for the very purpose of affording a remedy to a party in possession of real estate and claiming title thereto, against the pretensions and claims of persons where such claims or pretensions were not sufficient to constitute a cloud such as would authorize a court of equity, in the absence of the statute, to take jurisdiction. And while in the present case we are of the opinion that the complaint, regarded as a complaint in an action to remove a cloud upon title, is insufficient, we are also of the opinion that it does sufficiently state a cause of action under § 5521, *supra,* and, if it does, the demurrer was improperly sustained. Under our system of pleading, the name or designation given a complaint is immaterial and unimportant. Its sufficiency must be tested by the allegations which it contains. In *Damon v. Leque,* 14 Wash. 253 (44 Pac. 261), we said:

  "If a plaintiff sets forth facts constituting a cause of action and entitling him to some relief, he is not to be turned out of court because he has misconceived the nature of his remedial right."

We come now to consider whether the complaint can be regarded as sufficient to state a cause of action, under § 5521, *supra.* We think it sufficiently appears from the complaint, and from the stipulations and order of the court which are attached to and made a part of it, that the plaintiff was in possession of the premises in controversy at the time of commencing the action. The allegations and exhibits admit of no other conclusion.

In *Lemon v. Waterman,* 2 Wash. T. 495 (7 Pac. 899), the court, referring to § 5521, *supra* (being § 551 of the Code of 1881), held that it enlarged the equity jurisdiction so as to embrace a case wherein the adverse interest or claim does not constitute a cloud (according to the principles of equity), and that under that section an action

would lie, notwithstanding the "absolute invalidity of the claim or estate against which the true owner is moving."

This section is almost identical with section 738 of the California Code of Civil Procedure, and in *Castro v. Barry,* 79 Cal. 443 (21 Pac. 946), the supreme court of that state say that the object of the statute is to authorize proceedings,

".   .   .   for the purpose of stopping the mouth of a person who has asserted or who is asserting a claim to the plaintiff's property. It is not aimed at a *particular piece of evidence,* but at the pretensions of the individual."

In construing a similar statute of the territory of Arizona, the supreme court of the United States, in *Ely v. New Mexico & A. R. R. Co.,* 129 U. S. 291 (9 Sup. Ct. 293), say:

".   .   .   an allegation that the defendant claims an adverse estate or interest is sufficient, without further defining it, to put him to a disclaimer, or to allegation and proof of the estate or interest which he claims, the nature of which must be known to him, and may not be known to the plaintiff."

In this last case the court comments upon the statute, and distinguishes the action which it authorizes from an action to remove a cloud upon title. The statute of Colorado is identical with our § 5521, *supra,* and in *Wall v. Magnes,* 17 Colo. 476 (30 Pac. 57), the supreme court of that state held that a complaint is sufficient that:

".   .   .   avers generally that defendant claims some adverse estate or interest, and that such claim is unfounded."

Section 500 of the Oregon Code is in no material respect different from our statute, and in *Teal v. Collins,* 9 Ore. 89, the supreme court of that state observe that:

"It is sufficient that the party in possession is incommoded or damnified by the assertion of some claim or in-

terest in the property adverse to him. He may not know the nature or the ground upon which such adverse claim or interest is asserted—only that such claim to an estate or interest adverse to him is made, . . . He can then commence his suit, and require the nature and character of such adverse estate or interest to be set forth and judicially determined."

The action which the statute authorizes was unknown to the chancery practice, and had no existence prior to the enactment of statutes of this kind, but it now appears to be well recognized by the authorities.

The order and judgment appealed from must be reversed, and the cause remanded with directions to the superior court to overrule the demurrer and proceed with the case.

DUNBAR, FULLERTON and REAVIS, JJ., concur.