[No. 4014.    Decided October 7, 1901.]

*In the Matter of the Estate of* ELIZA J. MURPHY, *Deceased.*

APPEAL — SERVICE OF NOTICE — SUFFICIENCY.

Under Bal. Code, § 6503, which provides that notice of appeal may be served on the prevailing party or his attorney, and under Id., § 6518, which provides that "no appeal shall be dismissed for any informality or defect in the notice of appeal or the service thereof, if from the notice or other parts of the record on appeal it appears that the adverse party has had sufficient notice of the

appeal," a notice served upon the attorney for all the prevailing parties, but addressed to him as attorney for but one of them, is sufficient.

Appeal from Superior Court, Thurston County.—Hon. OLIVER V. LINN, Judge. Motion to dismiss denied.

*George C. Israel,* for appellant.

*W. I. Agnew* and *J. W. Robinson,* for respondents.

The opinion of the court was delivered by

REAVIS, C. J.—Motion to dismiss appeal. On the 25th day of March, 1901, an order of final settlement of account of John Miller Murphy, administrator of the estate of Eliza J. Murphy, deceased, was made in the superior court. There were certain expenditures made by the administrator which were disapproved in the order of settlement, from which the administrator appealed. The motion to dismiss states two grounds: (1) That the notice of appeal was not given or served upon all the parties in interest; (2) that the appellant has prosecuted two appeals in the Estate of Eliza J. Murphy, deceased, and all matters contained in both appeals should be heard upon one appeal. The record discloses that objections to the allowance of expenditures of the administrator referred to were formally made by certain heirs of the estate. The final order of the court recites the following appearances: "The said John Miller Murphy appeared in person as well as by his attorney G. C. Israel, and come also the heirs to said estate in person and as well as by their attorney W. I. Agnew." The notice of appeal is directed as follows: "To George E. Filley, administrator of the above entitled estate; to O. V. Linn, judge of the above entitled court, and to W. I. Agnew as attorney for said administrator George E. Filley." Service is acknowledged upon the notice of appeal by W. I. Agnew as attorney of record for

George E. Filley, administrator. It is insisted that there was no notice of appeal given or served upon the heirs. Section 6503, Bal. Code, provides:

"If the appeal be not taken at the time when the judgment or order appealed from is rendered or made, then the party desiring to appeal may, by himself or his attorney, within the time prescribed in section 6502, serve written notice on the prevailing party or his attorney that he appeals from such judgment or order to the supreme court, . . . ."

It will be observed that the written notice may be served on the prevailing party or his _attorney_. The prevailing parties in the final order made were the heirs. Section 6518 declares:

". . . no appeal shall be dismissed for any informality or defect in the notice of appeal or the service thereof, if from the notice or other parts of the record on appeal it appears that the adverse party has had sufficient notice of the appeal, describing the judgment or order appealed from with such certainty that his substantial right would not be prejudiced by the hearing of the appeal."

Did the heirs have sufficient notice of the appeal? In _Home Savings & Loan Association v. Burton,_ 20 Wash. 688 (56 Pac. 940), an attorney appeared for two parties, —for the Colfax Lumber Company, and for himself as administrator of the estate of Burton. The notice of appeal was directed to all the defendants, but service was made only on the attorney for the Colfax Lumber Company, and no return of the service upon the administrator appeared. The court observed in sustaining the appeal:

"But the same act also provides that no appeal shall be dismissed for any informality or defect in the notice of appeal or the service thereof, if from the notice, or other parts of the record on appeal, it appears that the adverse

party has had sufficient notice of the appeal, . . . Now, we are utterly unable to understand by what process of reasoning Mr. Ellsworth, after having accepted service of this notice of appeal as attorney for the Colfax Lumber Company, can now successfully maintain, as attorney for himself as administrator, that he has had no notice of the appeal. In *Howard v. Shaw,* 10 Wash. 151 (38 Pac. 746), this court held that, where a lawyer appeared for himself and as attorney for his wife, service of notice of appeal on him, directed to both, was good service as to the wife; the same principle is applicable here."

Applying the principles stated in the foregoing decisions, it would seem that the service made upon W. I. Agnew, the attorney of record for the heirs, was sufficient here. It is true, the notice was not directed to the heirs by name, but it was directed and served upon their attorney of record, who was also the attorney for the second administrator, Filley. It will be noted the statute authorizes a resort to the record, together with the notice of appeal, to determine whether due notice has been given to the prevailing party. Certainly it cannot be said that Mr. Agnew, the attorney of record for the heirs, and who now appears here as the attorney of the administrator, Filley, to dismiss for want of proper notice, did not have sufficient notice. His knowledge as attorney for Filley cannot be segregated from his knowledge as attorney for the heirs, who were of the prevailing parties. The objectors to the allowance refused in the order of final settlement were all represented by one attorney of record. We think the notice and service were sufficient.

As at present advised, we are not disposed to determine that appellant had not the right to take two appeals from the proceedings entered in the superior court.

Motion denied.

FULLERTON, HADLEY, MOUNT and ANDERS, JJ., concur.