[No. 4857.  Decided February 29, 1904.]

J. J. BROWN et al., Appellants, v. J. D. CALLOWAY, Respondent.[1]

APPEAL—NOTICE—SUFFICIENCY—DISMISSAL.  A notice of appeal reciting that appellants hereby give notice of their application to appeal to the supreme court, is not so defective as to warrant a dismissal in view of Laws 1899, p. 79, § 1, providing that no appeal

[1]Reported in 75 Pac. 630.

shall be dismissed for any informality or defect in the notice if the appellant shall, upon order, perfect the appeal.

APPEAL—BRIEFS—ASSIGNMENT OF ERRORS—SUFFICIENCY. Briefs will not be struck out and the case affirmed for failure to clearly point out each error, where but one error is relied on, and that is stated clearly at the close of the statement of facts.

EJECTMENT—QUIETING TITLE—ATTEMPT TO STATE SEVERAL CAUSES OF ACTION—ELECTION BETWEEN. Where plaintiffs undertake to state two separate causes of action for the recovery of real estate, one for equitable relief to remove a cloud from the title, without alleging who was in possession, and the other to recover possession alleging that the defendant is in, and unlawfully withholds, possession, it is error to require the plaintiff to elect between the two causes on the theory that the equitable cause is not maintainable without possession, and so is inconsistent with the other, since the first cause does not allege possession in the plaintiff, and it was unnecessary under the statute to split up the action into legal and equitable causes, and in fact but one cause is stated.

PLEADINGS—ATTEMPT TO STATE SEVERAL CAUSES OF ACTION—ELECTION BETWEEN CAUSES—REMEDY MISCONCEIVED. Where plaintiff endeavors to state equitable and legal causes as separate causes of action, and in fact but one cause is stated, it is error to require an election and to dismiss the case for failure to elect between the two causes, since a party is not to be turned out of court because he misconceived his remedy, the substance controlling the form of it, and the court should have regarded all the facts stated as one cause, without reference to the erroneous division in the complaint.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered April 21, 1903, dismissing an action to recover the possession of real estate and to remove a cloud, upon the plaintiffs' refusing to elect between two causes of action attempted to be set up in the complaint. Reversed.

*Hartson & Holloway,* for appellant.

*Graves & Graves,* for respondents.

MOUNT, J.—Respondent moves to dismiss this appeal for the reason that the notice is not sufficient. The part

of the notice to which objection is made is as follows:
"You are hereby notified that the plaintiffs in the above
entitled action hereby give notice of their application to
appeal to the supreme court," etc. The statute provides,
at § 6503, Bal. Code, that a party desiring to appeal
from a judgment or an order shall give notice "that he
appeals from such judgment or order to the supreme
court," etc.; and it is argued that a notice of an applica-
tion to appeal is not a notice of appeal. There is no such
practice in this state as an application for an appeal.
The appeal goes as a matter of course, when notice is
given and bond filed. No order or allowance of the ap-
peal is necessary, and none was asked for or made in this
case.     Laws 1899, p. 79, § 1, provides: ".   .   .   and
no appeal shall be dismissed for any informality or defect
in the notice of appeal, the appeal bond, or the service of
either thereof, or for any defect of parties to the appeal, if
the appellant shall forthwith, upon order of the supreme
court, perfect the appeal."     The respondent was not mis-
led by this notice.     He knew what was intended, and had
sufficient notice of the appeal.     The judgment appealed
from was described with certainty.     We think we would
not be justified in dismissing the appeal, under the statute
named.     *Ranahan v. Gibbons,* 23 Wash. 255, 62 Pac. 773;
*In re Murphy's Estate,* 26 Wash. 222, 66 Pac. 424.     There
is no necessity for an order upon the appellant to correct
the defect.

Motion is also made to strike the brief of appellants
and affirm the case, because each error is not clearly
pointed out as required by Rule 8.     But one error is re-
lied upon, viz.: that the trial court compelled the appel-
lants to elect between two alleged causes of action, and
this is the only question discussed on the appeal.     It is
true that this error is not stated separately from the
"statement of facts," but it is stated clearly at the close

thereof, and for that reason the motion should be and is denied.

The complaint in form attempts to set out two separate causes of action. For the first it is alleged, that one Edward Quinn died in 1892, seized of certain described real property in Spokane county; that title thereto passed by descent to one Bridget Brown, and upon her death in 1901 it passed to the plaintiffs, her sole heirs; that in 1895 a mortgagee of the premises, under a mortgage made by said Quinn, commenced an action to foreclose his mortgage, making no one a party but the administratrix of Quinn's estate; that the foreclosure proceedings, which are set out in full, culminated in a judgment of foreclosure and a sale of the mortgaged property to the mortgagee; that the defendant claims some title to the premises by virtue of mesne conveyances from the purchaser at said sale; that this claim, and the foreclosure proceedings and conveyances upon which it is based, are a cloud upon plaintiffs' title. It is not alleged in this cause of action who was in possession of the property.

The complaint then, "for a further and separate and second cause of action," alleges substantially, that plaintiffs' ancestor, Bridget Brown, was, on December 2, 1895, the owner and in possession of the property described (the same as in the first cause of action), and that in 1900 the defendant took possession of said realty without right, and has ever since held it; that in 1901 said Bridget Brown died, and that plaintiffs are her sole heirs and are entitled to possession of said realty; that plaintiffs have been damaged in the sum of $300 on account of being deprived of said real estate. The prayer is for a decree quieting title to the realty in plaintiffs, for $300 damages, and for general relief.

It appears to be conceded in the briefs that a demurrer to each of these causes of action was denied, but no record thereof appears in the transcript. Subsequently an order was made by the court, upon motion of the defendant, requiring the plaintiffs to elect upon which of the stated causes of action they would proceed. Plaintiffs refused to make the election, and the court thereupon dismissed the action. Plaintiffs appeal from this order of dismissal.

The only question presented on this appeal is whether or not the court erred in requiring plaintiffs to elect between the causes of action stated, and to proceed upon one without regard to the other. The court below evidently sustained this motion upon the theory that two separate inconsistent causes of action were stated in the complaint. In *Povah v. Lee,* 29 Wash. 108, 69 Pac. 639, this court held that a party out of possession of real property could not maintain an equitable action to remove a cloud and quiet title to such realty, but the remedy of a person out of possession was to bring an action under the provisions of §§ 5500-5508, Bal. Code, for possession of the property, and in that action set up his title; so that the court in one action may determine the superior title, both legal and equitable, of the contending parties.

Under these statutes it is not necessary for a plaintiff to split up a cause of action into legal and equitable causes and state them separately. It is only necessary to state the facts. Under the rule in *Povah v. Lee,* in order to state facts sufficient to constitute an equitable cause of action to remove a cloud from the title, it is necessary to allege possession in the plaintiff, or that the property was not in the possession of any one. In order to state a cause of action for possession of realty, it is necessary to allege that the plaintiffs are wrongfully and unlawfully

dispossessed of the property. It will thus be seen that, when the plaintiffs in this case undertook to state two separate causes of action, one asking for the removal of a cloud from the title, and the other for possession of the property, the two causes as stated were necessarily inconsistent, because by the one plaintiffs must be in possession and by the other they must be out of possession. Plaintiffs however, in stating their first cause of action, did not allege which of the parties was in possession. In stating their so-called second cause, they allege that defendant is in possession. It is apparent from reading the complaint that the pleader undertook to state a cause of action for possession, and to set forth the nature of the plaintiffs' estate and claim and title to the property under the statutes above referred to, and this has been done in the two causes when they are taken together and read as one. The pleader evidently endeavored to bring himself within the provisions of the statute above cited, but, unfortunately, thinking that the facts entitling him to equitable relief must be set up separately from those entitling him to legal relief, stated his facts as two separate and distinct causes of action, when in fact he has but one cause.

This court has said, under the liberal rules of pleading contained in the statute, that "if the plaintiff sets forth facts constituting a cause of action and entitling him to some relief, he is not to be turned out of court because he has misconceived the nature of his remedial right." *Damon v. Leque,* 14 Wash. 253, 44 Pac. 261; *Watson v. Glover,* 21 Wash. 677, 59 Pac. 516; *Yarwood v. Johnson,* 29 Wash. 643, 70 Pac. 123. We might add that the substance of the facts stated in a complaint will control the form of it, and the court will construe all the facts stated without reference to the number of causes of action

Feb. 1904.]                    Syllabus.

into which the pleader may have erroneously divided his complaint. The result of the order of the court requiring the plaintiffs to elect upon which cause of action they would proceed has been to deprive the plaintiffs of their remedy under the statute. This was error. The court should have disregarded the statement in the complaint that there were two causes of action, and treated the complaint as stating but one cause.

The judgment of dismissal is therefore reversed, with instructions to the lower court to reinstate the action for further proceedings. Since the error herein was the result of the confused condition of appellants' pleadings, the costs of the appeal should abide the result of the action in the court below.

FULLERTON, C. J., and HADLEY, ANDERS, and DUNBAR, JJ., concur.