[No. 11573.  Department One.  February 28, 1914.]

JENNIE BADER, *Respondent,* v. TRIGWE C. JOHNSON *et al.,*
*Appellants.*[1]

FRAUDULENT CONVEYANCES—ACTIONS TO SET ASIDE—RELIEF. Where
plaintiff's advance of $1,265 to one of the defendants had been se-
cured by a deed of property, and plaintiff was induced to reconvey
the security to enable the defendant to raise money thereon for her,
but he fraudulently conveyed the property to the other defendant,
who mortgaged the same to an innocent party, the plaintiff is en-
titled to judgment for her advances, which will be declared a lien
on the property subject to the mortgage.

PLEADINGS—PRAYER—EQUITY—ISSUES AND PROOF. In an action for
cancellation of an instrument for fraud, and the reconveyance of
property in which the issues are tried out, a court of equity, under a
prayer for general relief, will not be bound by a mistaken prayer in
the complaint.

Appeal from a judgment of the superior court for King
county, Smith, J., entered June, 5, 1913, upon findings in

[1]Reported in 139 Pac. 32.

favor of the plaintiff, in an action for equitable relief. Modified.

Z. B. Rawson, for appellants.
Edward Von Tobel, for respondent.

CHADWICK, J.—Plaintiff, with defendant Trigwe C. Johnson and one Button, became interested in a certain phonograph company. They bought 20,000 shares of the stock, to be paid for equally by them. Plaintiff advanced the whole purchase price. Plaintiff had also made certain loans to defendant Johnson, so that he was indebted to her in the sum of $1,265. To secure the payment of the amounts advanced by plaintiff, Johnson deeded certain real property in Ballard and other property in West Seattle to her. Plaintiff had borrowed part of the money to make payment on the phonograph stock. Her debt being due, she, with the assistance of Mr. Johnson, endeavored to borrow money on the property, but without success. Thereupon Johnson suggested to plaintiff that he had a friend who would secure the money, and if she would deed the property back to him he would secure the loan in his own name and then reconvey to her. She accordingly conveyed the property to him, whereupon Johnson, on the same day or upon the day following, conveyed the whole of the property to defendant Lillian A. Rudd. Five days later, he married Lillian A. Rudd, in the city of Tacoma. They afterwards mortgaged the property to secure the sum of $750, none of which was paid to the plaintiff. Plaintiff brought this action to recover the $750 and to compel a reconveyance of the property to her.

Defendant Johnson contends that plaintiff reconveyed his property to him when she was told that he was going to marry the present Mrs. Johnson. He says his debt was discharged and the deed made in consideration of $1,000 represented by a note and mortgage on property at Silverdale, Washington, which he assigned to plaintiff, and all of his

phonograph stock, less 1,000 shares, which was to be retained by him.

The defense of Lillian Rudd Johnson is that she had no knowledge of the transactions theretofore occurring between her husband and plaintiff, and that the property was conveyed to her in consideration of marriage. The court below dismissed defendant Dennis out of the case, found against the defendants Johnson on all of the issues of fact, and entered a decree commanding them to reconvey the property to plaintiff. A personal judgment was rendered against Trigwe C. Johnson for $750.

We have read the testimony in this case with great care and have no doubt that the court came to a correct conclusion on the facts. The testimony of the defendants Johnson does not ring true. Neither does the testimony of the one square with that of the other. We are well satisfied, as was the trial court, that there was no consideration for the conveyance made by defendant Trigwe C. Johnson to his present wife, and that it was made by him with intent to put the property beyond the reach of this plaintiff. We do think, however, that the court below erred in the entry of a judgment for $750. Plaintiff was entitled to recover $1,265, with interest from the 13th day of August, 1912, and a decree making that sum a first lien upon the property, subject to the mortgage for $750. The mortgage was made to a third party having no knowledge of the equities existing between the parties to this action. It cannot be attacked by either of them.

While it was the original understanding that plaintiff would hold title to the real property in her own name, we are of the opinion that a reconveyance of the property is unnecessary. The case will be remanded with directions to the lower court to enter a judgment for $1,265, with interest, and the court will make a further order decreeing the amount due plaintiff to be a first lien on the real property theretofore conveyed by plaintiff to defendant Trigwe C. Johnson,

and by him to Lillian A. Rudd Johnson, subject only to the mortgage of $750, and plaintiff will have a lien for the recovery of any sums paid in the way of taxes and assessments pending a final payment of the principal and interest or the sale of the said property upon execution.

It may be contended that this judgment is not warranted by a strict construction of the pleadings and the prayer of the complaint. Plaintiff asked for general relief. The case was tried out by the parties and all of the facts were before the court. Under the circumstances, a court of equity will not be bound by the mistaken prayer of plaintiff's complaint, but will strike the balance and close the account.

Remanded, with instructions to enter a decree in accordance with this opinion.

CROW, C. J., GOSE, ELLIS, and MAIN, JJ., concur.