[No. 24083.   Department Two.   December 27, 1932.]

FRANCES MULLER, *Appellant,* v. MRS. HOWARD C. HENDRY *et al., Respondents.*[1]

*Geo. Olson, W. H. Cook,* and *W. R. Bell,* for appellant.

*Dykeman, Monheimer & Griffin,* for respondents.

MAIN, J.—This was an action in equity brought for the purpose of setting aside an order of the juvenile court and an order of adoption entered by the superior court of King county, because it is claimed that these orders were induced by the fraudulent concealment of material facts. The cause was tried to the court without a jury, and resulted in a judgment dismissing the

[1]Reported in 17 P. (2d) 602.

action, from which the plaintiff, Frances Muller, appeals. In stating the facts, we shall closely follow the memorandum decision of the trial court.

On or about February 10, 1930, Mrs. Annie E. Pearson, who resided in the city of Everett, came to the home of Mrs. Howard C. Hendry in the city of Seattle, and brought with her a baby, six or seven months old, which was her grandchild and the daughter of the appellant. Mrs. Hendry conducted a boarding home for babies and children. Mrs. Pearson stated at the time that she wished to leave the child for a period of one week or more, and that she would be responsible for its board and support, which was fixed at five dollars a week, if the parents of the child did not make the payments. When Mrs. Pearson was asked the name of the child and her address or the address of the parents, she gave no name and no address, but stated that the child might be called Mary Muller.

The child remained at the Hendry home for approximately one year, and during that period the grandmother called up from a nearby drug store on one or more occasions, stating that she was leaving the child's board money at the store, and on one occasion a portion of it was forwarded in a letter which contained no identifying name. Payments were made from time to time between February 10 and sometime in July, 1930, which completed the payments of the board bill to June 10th of that year.

On two or three occasions prior to the month of June, the father and mother of the baby visited it at Mrs. Hendry's home. On one of these occasions, the parents inquired whether the payments had been regularly made, but neither parent at any time made any payment.

During the month of October, 1930, the appellant, being then at Sultan, in Snohomish county, wrote Mrs.

Hendry a letter with reference to the child, to which Mrs. Hendry replied, sending the letter to Sultan. December 10, 1930, after the exchange of the communications between the mother and Mrs. Hendry, the latter petitioned the juvenile court to have the child declared a dependent and an abandoned child. In due course, the court acted upon the petition, and the usual and customary notice was published.

During the period of this publication, Mrs. Hendry made diligent efforts to find the mother of the child. On three or four occasions, she visited the town of Sultan, and was unable to locate her. Mrs. Hendry went to the city of Everett on one or more occasions in search of the appellant, but was unable to find her. Subsequent to the month of May, 1930, neither the mother, father nor grandmother called to see the child at the Hendry home. February 16, 1931, the juvenile court entered an order finding that the baby was an abandoned child, and ordered it committed for adoption. Two days thereafter, and on February 18th, the respondents Homer G. Dolson and Sylvia Dolson, his wife, by order of the superior court, adopted the child.

Upon the question as to whether Mrs. Pearson, at the time she left the baby with Mrs. Hendry, left her address, the evidence is in conflict, as it is with reference to the number of times that the mother of the child or she and the father visited it. The payment for the board and care of the child, subsequent to June 10, 1930, was not made until after the adoption proceedings. The trial court, after thoroughly reviewing the evidence in its memorandum decision, reached the conclusion that the child in this case was an abandoned child, within the contemplation of chapter 158 of the laws of 1927, p. 146 (Rem. 1927 Sup., § 1696), and therefore Mr. and Mrs. Dolson had a right to adopt it under the order of the court.

■ After giving diligent consideration to the evidence, as it appears in the record, we are inclined to the opinion that the view of the trial court was correct. Aside from this, however, there is a definite, legal ground which requires that the judgment from which the appeal in this case is taken must be affirmed.

■ Subsequent to the adoption proceeding, and on or about May 11, 1931, Frances Muller, the appellant here, petitioned the superior court to vacate and set aside the order of the juvenile court, above mentioned, and also the order of adoption. Mr. and Mrs. Dolson appeared specially and moved to quash the petition and the notice attached thereto as to each of the orders; which motion was sustained, and in each of the proceedings an order was entered quashing the notice and the petition to vacate. These orders were entered on or about June 15, 1931. It thus appears that, within one year after the entry of the orders complained of, the appellant sought their vacation by petition, and did not appeal from either of the orders entered denying her relief. September 1, 1931, she brought this action in equity for the relief above indicated.

Rem. Comp. Stat., § 464, provides:

"The superior court in which a judgment has been rendered, or by which or the judge of which a final order has been made, shall have power, after the term [time] at which such judgment or order was made, to vacate or modify such judgment or order: . . . 4. For fraud practiced by the successful party in obtaining the judgment or order; . . ."

Section 465 provides that:

"When the grounds for a new trial could not with reasonable diligence have been discovered before, but are discovered after the term [time] when the verdict, report of referee, or decision was rendered or made, the application may be made by petition filed as in other cases, not later than after the discovery, on which

notice shall be served and returned, and the defendant held to appear as in an original action. The facts stated in the petition [complaint] shall be considered as denied without answer. The case shall be tried as other cases by ordinary proceedings, but no motion shall be filed more than one year after the final judgment was rendered."

By this section, there is a limitation of one year after the final judgment or order was entered within which a proceeding as contemplated by the previous section may be made available. The remedy furnished by the statute within that year is exclusive when the facts upon which the petition is based are discovered in time to take advantage of the statutory remedy. *State ex rel. Post v. Superior Court,* 31 Wash. 53, 71 Pac. 740; *Denny-Renton Clay & Coal Co. v. Sartori,* 87 Wash. 545, 151 Pac. 1088.

To what extent a judgment or order may be attacked on the ground of fraud subsequent to the one year period, if the fraud has not been discovered within that time, by an action in equity, is a question which is not now before us at this time, and we express no opinion thereon. The remedy as furnished by the statute being exclusive within the one year period, the appellant did not within that period have a right to maintain an action in equity.

If, however, the complaint in the equity action be considered as a petition under the statute, the same result would follow. In the complaint in this case, substantially the same facts are stated which were stated in the petition to vacate the adoption order, and no appeal was taken from the order denying relief upon that petition. The petition in the adoption proceeding attacked the order entered in that case, and since there was no appeal from the denial of the relief, the order denying such relief becomes *res judicata.* *McCord v. McCord,* 24 Wash. 529, 64 Pac. 748; *Pierce*

*County v. Bunch,* 49 Wash. 599, 96 Pac. 164. In the *McCord* case, it was said:

"His petition, in which presumably was set out all the defense to the action that he had, was determined against him by the court on April 24, 1900. The ruling of the court in this respect was appealable. It is said by this court in *Chezum v. Claypool,* 22 Wash. 498 (61 Pac. 157, 79 Am. St. Rep. 955) that where the statutes afford a full, complete, and adequate remedy against an illegal judgment, by authorizing the aggrieved party to proceed by motion to vacate and set aside, and permitting an appeal from any order entered upon such motion, one who has attacked a judgment by motion to vacate, and has failed to prosecute an appeal from the denial of his motion, cannot subsequently maintain an action to cancel the judgment, since the question of the validity of the judgment is *res judicata.*"

It follows that the appellant, having attacked the validity of the adoption order, by petition, within the year allowed by statute and from an adverse order failed to appeal, cannot now, either by suit in equity or by petition under the statute, have the order again reviewed.

The order appealed from will be affirmed.

TOLMAN, C. J., STEINERT, and BEALS, JJ., concur.