[No. 28656.   Department One.   July 9, 1942.]

EDNA V. DALE, *Appellant*, v. DAVE S. COHN, *as Director of Licenses, Respondent.*[1]

[1]Reported in 127 P. (2d) 412.

F. S. *Jacobsen* and *Velikanje & Velikanje,* for appellant.

*The Attorney General* and *John E. Belcher, Assistant,* for respondent.

MAIN, J.—This was an action in equity, begun in the superior court of Thurston county, seeking to have an order of the director of licenses revoking the plaintiff's license to practice medicine and surgery in this state set aside. A hearing was had, and the court dismissed the action on the ground of lack of jurisdiction. From this order, the plaintiff, Edna V. Dale, appealed.

The facts, essential to be stated, are as follows: July 6, 1912, the appellant was granted a license "to practice medicine and surgery" by the then board of medical examiners of this state, and thereafter continuously engaged in the practice of her profession in this state until her license was revoked. In November, 1938, after being indicted in the Federal court of the eastern district of Washington, southern division, for violation of the Federal narcotic act, she was convicted and sentenced to one year and one day in the Women's Reformatory at Shakopee, Minnesota.

January 21, 1939, an employee of the director of licenses filed a complaint with the director, alleging that the appellant had been guilty of unprofessional con-

duct and was convicted of a violation of the Federal narcotic act. The prayer of the complaint was that the license of the appellant "to practice drugless healing" in this state be revoked. After this complaint was filed, and on February 23, 1939, the appellant, by her then attorney, appeared before the director of licenses with two physicians, who had been appointed by the governor, and they, with the director, constituted a committee to hear the matter.

August 4, 1939, while the appellant was still outside the boundaries of the state, an order was entered finding that she had been guilty of unprofessional conduct and ordering that her license "to practice medicine and surgery" be revoked. The reason for the revocation was that she had been convicted of unprofessional conduct, in that she had violated the Federal narcotic act.

August 27, 1940, the appellant's present counsel filed a petition for reinstatement with the department of licenses. Later, and on February 19, 1941, she filed a motion with the director requesting that the order of August 4, 1939, be vacated, for the reason that it was "unlawful and void, in that the judgment awarded something in excess of the relief asked for in the original complaint, which complaint had not been amended." The motion to vacate was overruled by the director February 24, 1941, on the ground of lack of jurisdiction.

As above stated, after a hearing, the superior court dismissed the action on the ground of lack of jurisdiction. No appeal was taken from the judgment of conviction in the Federal court, nor from the order canceling the license. When the application for reinstatement and vacation of the order was made to the director, more than one year had elapsed since the entry of the order revoking the license.

The appellant states what she conceives to be the principal question in this case in her brief, in the following language:

"Refusal of the court below to grant equitable relief, predicated upon a timely appeal to said court; the appeal to the court below, was a direct attack upon the void and unlawful judgment of August 4, 1939, and to no other matter."

In support of that question, the appellant makes four contentions, one, insufficiency of the notice of the hearing upon the complaint to cancel the license of one sojourning outside of the state at the time of service; and another, that the court should not have considered interdepartmental evidence of which she had no knowledge or opportunity "to rebut." A sufficient answer to these contentions is that she was at all times represented by counsel.

There is a statement in the appellant's brief to the effect that her counsel had appeared specially, but we have been unable to find anything in the record that would sustain this position, and even if there had been such an appearance it was waived by asking for affirmative relief.

The appellant makes two other contentions which we will now consider. One is:

"Granting relief of a different kind and in excess of the relief requested in the original complaint, and this different grant of relief given without any offer to amend the complaint."

It has long been the law of this state that the prayer of the complaint is no part thereof. In *Meeker v. Gilbert*, 3 Wash. Terr. 369, 19 Pac. 18, it was said:

"Under our system there is but one form of action, denominated a civil action, and the facts alleged in the pleadings are alone to be looked to to ascertain whether the relief is to be equitable or legal. The form or manner of the allegations has no significance in

that regard; the prayer of the plaintiff or defendant is without weight. The manner in which the parties may have thought best to treat it in their pleadings is unimportant; the question is as to the facts alleged."

In *Smith v. Allen*, 18 Wash. 1, 50 Pac. 783, 63 Am. St. 864, 39 L. R. A. 82, it was said:

"The question of jurisdiction to try the action is determined not by the remedy requested, but by what the facts alleged in the complaint entitle plaintiffs to receive."

The cases of *Damon v. Leque*, 14 Wash. 253, 44 Pac. 261, *Watson v. Glover*, 21 Wash. 677, 59 Pac. 516, and *Bader v. Johnson*, 78 Wash. 350, 139 Pac. 32, are substantially to the same effect.

■ Under the facts alleged in the complaint filed with the director, a cause of action was stated, and the fact that no application was made to amend the prayer was not a controlling circumstance. We see no basis for holding that the order canceling the license was void because the prayer of the complaint referred to drugless healing, while the body of the complaint charged unprofessional conduct of the appellant as a medical practitioner.

We see nothing in the cases of *Oldfield v. Angeles Brewing & Malting Co.*, 72 Wash. 168, 129 Pac. 1098, and *McLachlan v. Gordon*, 86 Wash. 282, 150 Pac. 441, out of harmony with what is above said.

■ The facts in this case furnish no basis for equitable intervention. It is true that it is the rule that a party may obtain relief in equity against a judgment after the expiration of one year from the date of the entry, provided the proper grounds for equitable intervention are shown.

In the case of *Fisch v. Marler*, 1 Wn. (2d) 698, 97 P. (2d) 147, after substantially making that statement, it was said:

"However, it is universally recognized that, where a party has failed to make a proper defense at law through his own negligence, equity will not aid him. Even though a judgment may be inequitable, it will not be set aside nor will its enforcement be enjoined, when it was the result of the complaining party's own fault or inexcusable neglect."

The cases of *Chezum v. Claypool*, 22 Wash. 498, 61 Pac. 157, 79 Am. St. 955, *McCord v. McCord*, 24 Wash. 529, 64 Pac. 748, and *Muller v. Hendry*, 171 Wash. 9, 17 P. (2d) 602, give support to the excerpt just cited.

The case of *State ex rel. Northern Pac. R. Co. v. Superior Court*, 101 Wash. 144, 172 Pac. 336, was based upon fraud, and there is no claim in this case that any fraud had been committed.

Rem. Rev. Stat., § 10017 [P. C. § 3740], gave the appellant the right to appeal from the order of cancellation within thirty days after it was entered. As above stated, this was not done, and that was her only remedy, inasmuch as there is no basis for the claim of equitable relief.

The judgment will be affirmed.

ROBINSON, C. J., MILLARD, SIMPSON, and DRIVER, JJ., concur.