[No. 6122. Decided July 9, 1906.]

FRANK HADEVIS *et al., Respondents,* v. FRANK P. NUTTING, *as the Executor of the Estate of L. V. Penny, Deceased, et al., Appellants.*[1]

CANCELLATION OF INSTRUMENTS—PLEADING—AMENDMENT—WHEN NOT A DEPARTURE. In an action to set aside a deed made by a wife to a third person, where the complaint alleges that the deed was made to enable the grantee to sell it for the benefit of the grantor, it is not error to allow an amended complaint setting up that the deed was procured by artifice and fraud, although the amendment contradicts the original complaint, when the material questions in issue were whether the deed was founded upon a valuable consideration, whether the property was community property, and whether the husband was estopped to deny the validity of his wife's deed.

APPEAL—REVIEW—FINDINGS. Findings of the trial court upon conflicting evidence will not be disturbed where the principal witnesses were foreigners, who understood but little English, and the lower court had superior opportunities for weighing the evidence.

Appeal from a judgment of the superior court for King county, Frater, J., entered October 27, 1905, upon findings in favor of the plaintiff, after a trial on the merits in an action for the cancellation of a deed and for an accounting. Affirmed.

*Jas. A. Dougan,* for appellants, contended *inter alia,* that the amended complaint set up an entirely different cause of action, constituting a fatal departure. *Distler v. Dabney,* 3 Wash. 200, 28 Pac. 335; *Clark v. Sherman,* 5 Wash. 681, 32 Pac. 771; *Osten v. Winehill,* 10 Wash. 333, 38 Pac. 1123; *Comegys v. American Lum. Co.,* 8 Wash. 661, 36 Pac. 1087; *Childs Lum. etc. Co. v. Page,* 28 Wash. 128, 68 Pac. 373; *Ramirez v. Murray,* 5 Cal. 222; *Hackett v. Bank of California,* 57 Cal. 335; *Peck v. Sill,* 3 Conn. 157; *Lillienthal v. Hotaling Co.,* 15 Ore. 371, 15 Pac. 630; *Annis v. Gilmore,* 47 Me. 152; *Nelson v. Hays,* 75 Iowa 671, 37 N. W. 177;

[1]Reported in 86 Pac. 197.

*Drake v. Siebold,* 30 N. Y. Supp. 697; *Connecticut etc. Ins. Co. v. Judge etc.,* 77 Mich. 231, 43 N. W. 871, 18 Am. St. 398; *Tatham v. Ramey,* 82 Pa. St. 130; *Wilcox v. Sherman,* 2 R. I. 540; *Dewey & Co. v. Nicholas,* 44 Vt. 24; *Stevens v. Broks,* 23 Wis. 196; *Hall v. Waller,* 66 Ga. 483.

*Leroy V. Newcomb,* for respondents, upon the point that the amendment was entirely with the discretion of the trial court, cited: *Morriessey v. Faucett,* 28 Wash. 52, 68 Pac. 352; *Balch v. Smith,* 4 Wash. 497, 30 Pac. 648; *Barnes v. Packwood,* 10 Wash. 50, 38 Pac. 857; *Seattle v. Baxter,* 20 Wash. 714, 55 Pac. 320; *Daly v. Everett Pulp etc. Co.,* 31 Wash. 252, 71 Pac. 1014; *Hulbert v. Brackett,* 8 Wash. 438, 36 Pac. 264; *McDonough v. Great Northern R. Co.,* 15 Wash. 244, 46 Pac. 334; *Richardson v. Moore,* 30 Wash. 406, 71 Pac. 18; *Seward v. Derrickson,* 12 Wash. 225, 40 Pac. 939; *Van Bchren v. Rettkowski,* 37 Wash. 247, 79 Pac. 787; *Cummings v. Weir,* 37 Wash. 42, 79 Pac. 487.

RUDKIN, J.—On the 16th day of April, 1903, L. V. Penny conveyed the property in controversy in this action to the plaintiff Marie Vincente Hadevis by warranty deed, the deed reciting a consideration of $300. At the date of this conveyance Marie Vincente Hadevis was the wife of her coplaintiff Frank Hadevis. On the 9th day of May, 1903, the plaintiff Marie Vincente Hadevis, without her husband joining her, executed a warranty deed of the same premises to L. V. Penny, the grantor in the former deed, for the nominal consideration of $1. L. V. Penny died testate on the 23d day of January, 1905, and the executor of his estate and his heirs at law are the defendants in this action. The action was brought for the purpose of cancelling the deed from the plaintiff Marie Hadevis to L. V. Penny, deceased, and for an accounting of the rents and profits. The plaintiffs had judgment according to the prayer of their complaint, and the defendants appeal therefrom.

While numerous errors are assigned they are all discussed

under three general heads, as follows: First, that the court erred in denying the motion to strike the amended complaint; second, that the respondent Frank Hadevis is estopped by his conduct from questioning the validity of the deed from his wife to L. V. Penny, deceased; and third, insufficiency of the evidence to sustain the judgment. The original complaint alleged in substance that the deed from Marie Vincente Hadevis to L. V. Penny was executed because the parties thereto believed it necessary to enable Penny to look after the property and sell it at an advanced price for the benefit of Mrs. Hadevis, should the opportunity present itself. The amended complaint, on the other hand, alleged that the deed was obtained from Mrs. Hadevis by artifice and fraud, and by taking advantage of her inability to read or understand the English language.

The objection of the appellants is that the amended complaint sets forth a new and distinct cause of action. We fail to see the force of this objection. The relief demanded in both complaints was the same, viz., the cancellation of the deed. The most that can be said is that the amended complaint set forth new and additional reasons why the relief should be granted. This is the purpose of nearly every amendment, and the practice of allowing such amendments is sanctioned by all the authorities. The most serious objection we see to the amendment is that the respondents were permitted by their amended complaint to flatly contradict the allegations of their original complaint, and this a court should not permit unless good cause therefor is shown. In this case, however, the material questions were: (1) Was the first deed founded upon a valuable consideration; (2) was the property when acquired the community property of Hadevis and wife; and (3) if so, was the husband estopped to deny the validity of the wife's deed of the community property. If the property became the community property of Hadevis and wife upon the conveyance from Penny, and the husband was not estopped to deny the validity of the wife's

deed, it would seem wholly immaterial whether the deed was obtained from the wife by an agreement to which the husband was not a party, or by artifice and fraud. We think, therefore, that there was no abuse of discretion in allowing the amendment.

The other questions involved are purely questions of fact. The findings of the court are sustained by competent testimony, and the reasons usually assigned by appellate courts for refusing to interfere in such cases have peculiar application here. The principal witnesses were foreigners and understood our language but poorly, if at all, their testimony was broken and disconnected, and the opportunities of the trial court for ascertaining and determining the truth were so far superior to our own that we must accept its decision on the facts as final.

The judgment is therefore affirmed.

MOUNT, C. J., FULLERTON, HADLEY, CROW, DUNBAR, and ROOT, JJ., concur.