[No. 8775. Department Two. June 10, 1910.]

ALEXANDER McLIESH et al., *Appellants*, v. JAMES BALL et al.,
*Respondents*.[1]

JUDGMENT—COLLATERAL ATTACK—PAYMENT. It is not a collateral
attack upon a judgment to show that a sale on execution thereunder
was void because the judgment had been paid.

EXECUTION—SALE—PAYMENT OF JUDGMENT. After payment of a
judgment to the plaintiff's authorized agent, a sale on execution
thereunder is void, and the lack of jurisdiction to sell is not cured
by an order confirming the sale.

QUIETING TITLE—EJECTMENT—PLEADING—DEFENSES. Under Rem.
& Bal. Code, § 785, providing that, in actions to recover the pos-
session of land, the parties shall set forth their title, and that the
superior title, whether legal or equitable, shall prevail, the court is
to determine the title and grant relief according to the equities of
the case; and defendants in possession, claiming that plaintiffs'
execution sale was void on the ground that the judgment had been
paid, need not first institute a direct proceeding to cancel the judg-
ment before answering the complaint.

ESTOPPEL—TO QUESTION EXECUTION SALE. It cannot be urged that
judgment debtors are estopped from claiming the invalidity of an
execution sale by standing by while title was passing to innocent
purchasers, where, under instructions not excepted to, and suffi-
cient evidence, the jury found they were not innocent purchasers.

Appeal from a judgment of the superior court for King
county, Irwin, J., entered October 23, 1909, upon the ver-
dict of a jury rendered in favor of the defendants, in an
action to recover possession and quiet title to land. Affirmed.

*Karr & Gregory*, for appellants.

*Brady & Rummens* and *W. H. B. Thomas*, for respondents.

DUNBAR, J.—This is an action by the appellants to dis-
possess the respondents James Ball and Sarah Ball, his wife,
of lots 28 and 29, block 167, Gilman's addition to the city
of Seattle, King county, Washington. The facts upon

[1]Reported in 109 Pac. 209.

which the action is based, in brief, are as follows: On February 11, 1907, James G. Combs, who had been an attorney, for the respondents, brought an action against said respondents for attorney's fees, and recovered a judgment in the sum of $95.60. On February 15, 1907, Combs filed a transcript of said judgment in the superior court of King county, Washington, and on March 5, 1907, execution on said judgment was issued and levied by the sheriff of King county, and on April 13, 1907, the sheriff sold the property to satisfy the said judgment, Combs being the purchaser at the execution sale, for the sum of $109.78. The return of the sale was made, and the same was confirmed April 27, 1907. On April 16, 1908, the sheriff executed his deed to said lots to the said James G. Combs to satisfy said judgment. Said deed was duly entered in the proper records. In the month of May, 1908, Combs and wife executed a quitclaim deed to said land to Alexander McLiesh, one of the appellants herein. The purchase price was $1,000, $200 being paid in cash and a mortgage given for the balance in the sum of $800.

Before the sale of the land, it appears from the evidence that Combs had notified Ball that sale would be made if the judgment was not satisfied. Prior to the sale, however, and shortly after the judgment was obtained, according to the testimony of Ball and his witness, he had a communication from Combs, the judgment creditor, and Combs instructed him to pay the money for the satisfaction of the judgment to one Cummings, an attorney in Seattle, and that he would be responsible for the payment of the money to him by Cummings. This transaction is denied by Combs. It is claimed that the money was paid in accordance with Combs' instructions to Cummings, and that there were some delays on the part of Cummings in turning the money over to Combs, for a few days; that in the meantime Combs had incurred some expense in the way of having a transcript of the judgment properly entered in the superior court, and that he refused

to accept said money until such extra expenses, amounting to a few dollars, had been paid; that Cummings refused to pay said extra expenses, and that Combs then proceeded with the sale of the land. The answer also alleged fraud on the part of Combs and the appellants herein in the transfer of the title to the lots in question; denied that the appellant was an innocent purchaser; and upon these issues the cause went to trial, the jury finding in favor of the defendants. The court entered a judgment canceling the deeds upon which plaintiffs relied, and quieting defendants' title. From this judgment, this appeal is taken.

The assignments are that the court erred, (1) in permitting the judgment to be attacked collaterally in this proceeding; (2) in refusing to give an instructed verdict for the plaintiffs; and (3) in allowing certain evidence to be admitted, which it is claimed is prejudicial to the jury in rendering a fair and impartial verdict. As to the first assignment, we do not think the cases cited by appellants reach the particular case under consideration. There is no attempt here to question the regularity of any of the proceedings leading up to the judgment, or to question or attack the judgment itself. The contentions which are vital to the case are over matters arising subsequently to the rendition of the judgment, viz., that the judgment has been paid; and if that contention be true, the judgment thereafter, under all authority, ceased to be operative, and it follows that no sales based upon it could confer title. Nor was this lack of jurisdiction to sell cured by the confirmation of sale. A sale on a void judgment is not one of the irregularities contemplated by the statute. In *Vietzen v. Otis*, 46 Wash. 402, 90 Pac. 264, it was held that a mortgage foreclosure sale of land, situated in a county other than the one in which the sale was had, was not cured by confirmation, the court saying:

"Under the express provision of our statute and numerous decisions of this court, irregularities in the manner of conducting sales are the only defects cured by confirmation. We

hold, therefore, that the sale was utterly void in its inception, and remains so notwithstanding the direction in the decree of foreclosure and the order of confirmation."

As to the form of the action, while denominated by the appellants an action in ejectment, it is in reality an action brought under § 785 *et seq.*, Rem. & Bal. Code. Section 785 provides that, any person having a valid subsisting interest in real property, and a right to the possession thereof, may recover the same by action in the superior court of the proper county, and § 793 provides that the plaintiff in such action shall set forth in his complaint the nature of his estate, claim, or title to the property, and the defendant may set up a legal or equitable defense to plaintiff's claims; and the superior title, whether legal or equitable, shall prevail. In this case the plaintiffs brought their action in the superior court, and, in accordance with the direction of the statute, set forth that they were owners of, and entitled to the possession of, the land, and the defendants' answer denied the allegations of ownership and alleged ownership in them. The case was then ready for trial on the issues made by the pleadings. The question for determination under the express terms of the statute was, who had the superior title, whether legal or equitable. It would be out of harmony with the spirit of the code and the decisions of this court to compel the defendants to first institute a direct proceeding to cancel the judgment before they would be allowed to answer the plaintiffs' complaint. This is the construction placed upon this statute in *Povah v. Lee*, 29 Wash. 108, 69 Pac. 639, though the decision in that case was hampered by the previous decision of this court in *Spithill v. Jones*, 3 Wash. 290, 28 Pac. 531, which case, however, has since been overruled in *Brown v. Baldwin*, 46 Wash. 106, 89 Pac. 483, where the broad rule was announced that, no matter what the form of action might be, the court would give the relief which the facts stated and proved showed the party entitled to.

On the merits of the case, the verdict of the jury leaves

little to be said.   The jury found by general verdict that the plaintiffs were not entitled to the possession of the property described in the complaint, and by special verdict as follows:

"We, the jury in the above entitled cause, do find that James G. Combs did appoint John B. Cummings as agent for the purpose of collecting a judgment in favor of Combs in the action of Ball v. Combs and wife in Justice Carroll's court."

It is proven conclusively, and is not disputed, that the money was paid by Ball to Cummings for the purpose of satisfying the judgment, and under the finding that Combs had appointed Cummings his agent for the purpose of collecting the judgment, which finding we think was based upon substantial testimony, the defendants' case was successfully proven.

It is earnestly contended by the appellants that the respondents should be estopped from claiming the invalidity of the sale, after having stood by with the knowledge that the title was passing to an innocent purchaser.   Under the instructions of the court, which are not assigned as error, the jury must have come to the conclusion that the appellants were not innocent purchasers, and without reviewing the testimony specifically, we think there is sufficient to warrant such conclusion.

No error appearing in the trial of the cause, the judgment is affirmed.

RUDKIN, C. J., CROW, PARKER, and MOUNT, JJ., concur.