[No. 13669.   Department Two.   April 16, 1917.]

## M. Q. BRADBURY, *as Administrator etc., Respondent*, v. GEORGE M. NETHERCUTT *et al., Appellants.*[1]

PLEADING—AMENDMENTS.   It is not a valid objection to an amended complaint that it contains statements inconsistent with the original complaint, where the object of the two complaints was the same.

PLEADING—SEPARATE STATEMENT OF CAUSES.   It is not prejudicial error to refuse to require a complaint to separately state causes of action for the setting aside of two instruments, where they were both made for a single and continuous purpose to defraud.

LIMITATION OF ACTIONS—QUIETING TITLE—RELIEF ON GROUND OF FRAUD.   Where the gravamen of an action is to quiet title, even though fraud is practiced in creating the cloud, the action is not subject to the three-year limitation in actions for relief on the ground of fraud.

EVIDENCE—PAROL EVIDENCE TO VARY WRITING—DEED AS MORTGAGE. Where a deed absolute on its face was not delivered to the grantee, and was intended as a mortgage, that fact can be proven by parol.

SAME—PAROL EVIDENCE—ALTERATIONS IN DEED—FORGERY.   Alterations in a deed, and that it had been forged, can be shown by parol.

ALTERATION OF INSTRUMENTS—MORTGAGES—VALIDITY.   A material alteration in a deed intended as a mortgage annuls the instrument and prevents proceedings for its foreclosure, even by an innocent assignee.

Appeal from a judgment of the superior court for Kittitas county, Kauffman, J., entered January 19, 1916, upon findings in favor of the plaintiff, in an action to quiet title, tried to the court.   Affirmed.

[1]Reported in 164 Pac. 194.

*O. C. Moore* and *Jay A. Whitfield*, for appellants.

*Roscoe Maddox*, *John H. Bruff*, and *L. J. Birdseye*, for respondent.

Holcomb, J.—In this action respondent Bradbury, as administrator of the estate of Anis E. Hogan, seeks to quiet title to certain real estate situated in Kittitas county, Washington, by removing two alleged clouds thereon created by a certain deed and mortgage. From a judgment granting respondent the relief prayed, appellants Nethercutt and Turnham have appealed.

Respondent's version of the facts, which was adopted by the court as evidenced by its judgment and which is thoroughly substantiated by the record, is, in substance: Anis Hogan employed Nethercutt, an attorney, to represent her in probating the estate of her father, which comprised the lands in controversy. One Smith was appointed administrator and, from time to time, paid Nethercutt sums of money as fees and expenses in administering the estate, and also for a contest suit in which the government contested the title of deceased to this land. Subsequently Nethercutt represented to Anis Hogan that he could secure a loan of $2,000 on this property from Turnham, and that to secure the same she should execute a note and mortgage on the premises in question in Turnham's favor, which later she did on the representation of Nethercutt that he would hold these instruments and not deliver them until the payment to her by Turnham of the consideration mentioned. Some time later, she was informed by Nethercutt that Turnham could raise only $750, which he—Nethercutt—would accept as his fee, but that she must make a deed to Nethercutt and Turnham of one-half of the lands in question, to be held in escrow and not delivered until the $750 should be advanced. No money was ever so advanced to her by Turnham subsequent to the execution of these instruments, and it plainly appears

that the name of Turnham as payee and mortgagee of the note and mortgage respectively was erased and the name of G. M. Nethercutt inserted in lieu thereof, and also that the name of Turnham was erased as one of the grantees in the deed, thus leaving Nethercutt the sole grantee. The ground upon which the relief was prayed in this action was that these transactions constituted a fraudulent scheme, and that the alterations constituted forgeries and rendered the instruments void.

Many assignments of error are urged by appellants, the first one being that the court should not have allowed respondent to amend its complaint because the allegations of the original and the second amended complaint were diametrically opposed to each other. While there were some inconsistent statements in the two pleadings, the object sought in both complaints was the same, and this court has never held that inconsistent statements could not be made in successive pleadings of the same kind. *Hadevis v. Nutting*, 43 Wash. 40, 86 Pac. 197; 1 Sutherland, Code Pleading, Practice & Forms, 472.

Complaint is also made that the court erred in refusing to require respondent to separately state the causes of action alleged in the second amended complaint. Granting that the complaint sought to set aside two instruments for the purpose of quieting title to the premises in question and that the more orderly method of pleading would require that each be separately stated as a cause of action, yet the execution and alteration of these two instruments were made for a single and continuous purpose which ran through the entire transaction, and it was therefore at least not reversible error as appellants were not prejudiced thereby.

Error is also assigned because appellants' demurrer to the second amended complaint was overruled, it being appellants' contention that the basis of this action was fraud and that this case, therefore, falls within Rem. Code, § 159,

which limits actions for relief upon the ground of fraud to a period of three years. But the gravamen of this action is to quiet title and, even though fraud is practiced in creating the cloud, it is not subject to the three-year limitation in actions for relief on the ground of fraud, as shown by the following quotation from *Wagner v. Law,* 3 Wash. 500, 517, 28 Pac. 1109, 29 Pac. 927, 28 Am. St. 56, 15 L. R. A. 784:

"It cannot be concluded that an action to remove a cloud falls within the statute of limitations for actions for relief upon the ground of fraud, for there may be clouds upon the title without the aid of fraud."

Because the deed in question was absolute on its face, appellants contend that it was error to admit parol testimony to the effect that the deed was to be held by Nethercutt in escrow. While it is no doubt the rule that, where a deed absolute on its face is delivered to the grantee, it is not proper to show by parol that the parties did not contemplate a delivery till the happening of a certain contingency, yet in the case at bar it fairly appears from the record that this deed was intended as a mortgage, which fact can always be proven by parol. And it is equally positive that alterations can be shown by parol to have been forged, as otherwise a forged instrument would have the same status and validity as a genuine one.

This conclusion also disposes of appellants' argument that, even though an alteration was made in the deed after the execution and after title thereby was vested in the grantee, its operation as an executed contract is not affected thereby. If, as we have decided, it was intended as a mortgage, no legal title was ever vested in the grantee; and "although a mortgage is in form a conveyance of title, it is in reality but a security for the payment of money, and a material alteration of the mortgage by the mortgagee annuls the instrument as a lien upon the property, and likewise pre-

vents proceedings for its foreclosure, even by an innocent assignee." 2 C. J. 1187.

The decree is just and right. Affirmed.

ELLIS, C. J., MOUNT, and PARKER, JJ., concur.

FULLERTON, J., concurs in the result.