[No. 15707.   Department Two.   April 6, 1920.]

T. J. MANAHAN et al., Respondents, v. W. J. AUMILLER et al., Appellants.[1]

QUIETING TITLE (33)—SCOPE AND EXTENT OF RELIEF.  In an action to quiet title to lands held by warranty deed intended as a mortgage, the nature of the deed is merely incidental to the issue of superior title and does not require the statement of separate causes of action.

ACTIONS (23)—JOINDER—CLAIMS ARISING OUT OF SAME TRANS-ACTION.  Where, in an action to quiet title, the question as to the superior title, and whether plaintiff's warranty deed was intended as a mortgage, all arose out of the same transaction, they may be joined in one action under Rem. Code, § 296.

SET-OFF AND COUNTERCLAIM (12)—CAUSES ON OTHER OR DISTINCT TRANSACTIONS—ACCOUNTING IN ACTION TO QUIET TITLE.  In an action to quiet title deeded by warranty deed intended as a mortgage, a demurrer is properly sustained to an affirmative defense the object of which was to change the action into one for an accounting.

APPEAL (438)—HARMLESS ERROR—RULINGS ON PLEADINGS—DE-MURRERS.  Sustaining a demurrer to an affirmative defense seeking an accounting, is harmless where the trial proceeded as though the matters alleged were in the pleadings.

SAME (451)—HARMLESS ERROR—ADMISSION OF EVIDENCE IN TRIAL BY COURT.  The improper admission of a deed immaterial to the issue in an action tried to the court is harmless.

MORTGAGES (22)—EVIDENCE AS TO CHARACTER—ABSOLUTE DEED AS MORTGAGE.  That a deed was intended as a mortgage may be shown by oral evidence.

EVIDENCE (179) — ORAL EVIDENCE AS TO INTENT OF WRITINGS.  Where a deed intended as a mortgage and a conditional sales contract constituted a single transaction, oral evidence to show the intent that they were to operate as a mortgage is not inadmissible as varying the terms of the written conditional sale; and it is immaterial that the deed and sales contract had different parties, where the record eliminates all parties not common to both instruments.

Appeal from a judgment of the superior court for Yakima county, Holden, J., entered April 26, 1919,

[1]Reported in 188 Pac. 789.

upon findings in favor of the plaintiffs in an action to quiet title, tried to the court. Affirmed.

*Preble, McAuley & Meigs,* for appellants.

*Richards & Fontaine,* for respondents.

HOLCOMB, C. J.—Manahan and wife sued Aumiller and wife and Kelso and wife to quiet title to certain described real estate situated in Yakima county, Washington. The amended complaint, after setting up ownership by plaintiffs in fee simple and in possession, alleged that, on October 27, 1915, plaintiffs secured a loan of $2,500 of defendant Aumiller. To secure Aumiller, Manahan and wife and G. L. Linbarger and wife, the last two of whom owned an undivided half interest in the property at that time, executed a warranty deed to Aumiller of the property here in question. The deed was in fact a mortgage for the $2,500, and it was agreed that the land would be reconveyed to plaintiffs upon the repayment of the $2,500 and interest. The complaint further alleged that the $2,500 has been repaid to Aumiller, and Aumiller refused to reconvey the premises to plaintiffs; that defendants and each of them claimed some right, title and interest in and to the premises adverse to the plaintiffs.

After demurrer made and overruled, defendants put in issue by denials the foregoing allegations of the complaint, and set up affirmatively that defendants Aumiller and wife, prior to October 27, 1915, owned the land in fee simple, together with certain chattels; that, on that date, they entered into a contract with plaintiff Manahan and defendant Kelso, whereby defendants Aumiller and wife agreed to convey the land and chattels to Manahan and Kelso in consideration of their agreement to pay to Aumiller and wife the

sum of $2,500 with interest; that thereupon Manahan and Kelso entered into a contract of partnership to conduct a transfer business; that they each contributed their undivided one-half interest in the land and chattels to the partnership business and conducted the business as partners until October 18, 1918, when Kelso sold all of his interest in the property, and all his demands and rights against Manahan, to Aumiller and wife; that, in February, 1917, Manahan sold the chattels of the partnership for $7,000 and received the money therefor but has not accounted for the moneys; that, on August 24, 1917, Aumiller and wife paid $462.89 to the city of Yakima, which sum had been levied as special assessments against the land. Defendants then prayed for an accounting of the affairs of the partnership, that the assets be liquidated and distributed to the parties as their interests might appear, after repaying Aumiller and wife the amount of the special assessments.

Plaintiffs demurred to the answer and cross-complaint, and the court sustained the demurrer to the affirmative matters of defense.

Upon the issues formed by plaintiffs' complaint and defendants' denials, the case was tried to the court without a jury, and thereafter the court entered findings and conclusions in favor of plaintiffs and a decree adjudging plaintiffs the owners in fee simple and entitled to the possession of the real property; that the deed of October 27, 1915, was given as a mortgage; that the principal and interest on the indebtedness had been repaid, and satisfying and releasing the mortgage; that none of defendants have any right, title, interest, estate or lien in the real property, quieting title in plaintiffs and requiring plaintiffs to pay into court for the use and benefit of defendant Aumiller

the amount of the special assessments paid by him with interest. From this decree, defendants appeal.

We shall first discuss the assignments of error predicated upon the several orders of the court in settling the pleadings, namely, the orders overruling appellants' motion and demurrer to the amended complaint and the order sustaining the demurrer to the affirmative defense. Appellants apparently misconstrue the nature of this action, or fail to comprehend the scope of an action to quiet title. In this case it is not the purpose, alone or principally, to determine the true nature of the deed given to appellants Aumiller and wife. The determination of that question is but one of the incidents to the determination of the larger and embracing issue as to who has the superior title, legal or equitable, to the real property. *McLiesh v. Ball,* 58 Wash. 690, 109 Pac. 209, 137 Am. St. 1087. With that in mind as the nature of the question, it becomes evident that there were here no separate causes of action that required being separately pleaded. In addition to this, as the testimony showed, these component questions all arose out of the same transaction, which would bring the complaint within the requirements of § 296, Rem. Code.

There is nothing to substantiate appellants' complaint of the ruling of the trial court in sustaining the demurrer to the affirmative defense set up in the answer. The action was to quiet title. By sustaining the demurrer, the issues were confined to that, and certainly appellants' attempt to change it into an action for an accounting was properly denied. If there was any error in this, however, it was cured by the range of testimony the trial was allowed to take. The court permitted appellants to go into the very matters set up in their affirmative defense, and we therefore cannot say that they were prejudiced by his ruling on the

respondents' demurrer. While in form the affirmative defense was stricken, in substance the trial proceeded as though all the matters alleged therein were in the pleadings.

We are not impressed with appellants' claim of error upon the admission of the deed from Linbarger to Manahan and wife, which deed was executed long after commencement of this action. At most it amounted to a disclaimer of interest on the part of Linbarger in the property. Granting, however, that it was improperly admitted, we do not see that appellants' rights were in any way thus invaded. The only person against whom it operated, if at all, was Linbarger. The trial was to the court alone and with this in mind we do not think the admission of this deed imposed new, or confused the, issues in the case.

Appellants are in no position to complain of the introduction of the deed from the Yakima Transfer & Storage Company conveying the property to Manahan and wife. Whatever title appellants claim came through this same deed. It is unnecessary for that reason to go into the question of defect in the instrument contended by appellants.

Appellants assert that the trial court erred in permitting Manahan to testify to the effect that the transaction between him and Aumiller was merely a loan and that the deed was given as security, claiming that the whole transaction is governed by the terms of the contract of sale and that this evidence would tend to vary the terms of that contract. It is well established law that the fact that a deed is intended to be a mortgage can always be shown by parol evidence. *Bradbury v. Nethercutt*, 95 Wash. 670, 164 Pac. 194; *Du Pont De Nemours Powder Co. v. Pederson*, 108 Wash. 335, 184 Pac. 316.

Appellants maintain that, because of the conditional sale contract executed by Aumiller and wife to Manahan and Kelso, the real character of the deed from Manahan and Linbarger to Aumiller cannot be inquired into. It is clearly evident from the testimony, however, that the deed and the conditional sale contract constituted but one transaction. The language of Judge Parker in the case of *Clambey v. Copland*, 52 Wash. 580, 100 Pac. 1031, is very pertinent here:

"It is argued that the holding of the trial court violates the rule that a written contract cannot be varied or contradicted by oral testimony. Counsel concede that oral testimony to prove an instrument, on its face a deed, to be a mortgage, is a well-known exception to the rule; but contend that this option to purchase is an entire contract within itself, and cannot be so varied or contradicted; citing *Pease v. Baxter*, 12 Wash. 567, 41 Pac. 899. But in that case this court was dealing with a written contract for the sale of land containing provisions for the forfeiture of the purchaser's rights upon failure to comply with conditions therein expressed, which contract constituted the entire agreement of the parties, and being in writing, of course could not be varied or contradicted by oral testimony. In the case before us, this so-called 'option to purchase' is not the instrument that is being varied. It is only evidence, together with other evidence—which we must conclude was sufficient—showing that the deed was intended by the parties only as security, and therefore legally a mortgage. It seems to us that the facts found clearly lead to the conclusion that it was in legal effect a mortgage, and that being the legal character of the instrument at the time of its execution, it was not thereafter changed, as is contended, into an absolute conveyance. In 1st Jones on Mortgages (6th ed.), § 263, the rule is stated as follows:

" 'The character of the transaction is fixed at the inception of it and is what the intention of the parties make it. The form of the transaction and the circum-

stances attending it are the means of finding out the intention. If it was a mortgage in the beginning, it remains so.' ''

Appellants contend that the present case differs from the *Clambey* case in that here the deed and the conditional sale contract do not have all parties in common. The record eliminates all parties not common to both instruments and leaves appellants Aumiller and wife on the one hand and Manahan and wife on the other. We have already touched on Linbarger's disclaimer. Kelso appears as a party in the conditional sale contract only, but his own testimony took him out of the transaction when, under cross-examination, he said:

"Q. What did you pay for your interest in that business [the partnership with Manahan]? A. Mr. Aumiller furnished the money. Q. You never put any money into it? A. None other than what Mr. Aumiller furnished.''

This and other testimony shows that Kelso had no interest in the property and was never in a partnership with Manahan. A reading of the record makes this clear even if one does not consider Manahan's testimony that he was not aware of the fact that Kelso was made a grantee in the conditional sale contract.

The numerous other errors assigned we think are answered by what has been stated above, and there would be no benefit in further discussion of them.

We find nothing in the record warranting a different conclusion than that reached by the trial court, and the judgment and decree entered below should be affirmed. It is so ordered.

TOLMAN, BRIDGES, FULLERTON, and MOUNT, JJ., concur.