[No. 31809.   Department One.   April 17, 1952.]

D. D. SYMINGTON, *Appellant,* v. WILLIAM W. HUDSON *et al.,*
*Respondents.*[1]

'Reported in 243 P. (2d) 484.

*Wright & Wright,* for appellant.
*Acheson & Smith,* for respondents.

WEAVER, J.—This is an action to quiet title. It is the second such action involving both parties and the same property. Plaintiff, D. D. Symington, claims title by virtue of a local improvement assessment deed from the city of Seattle. Defendants, William W. Hudson and wife, assert title by virtue of a warranty deed from the prior owners and by virtue of a decree vacating a tax foreclosure and quieting title in them.

The question is whether or not all of the issues raised by the pleadings had been adjudicated previously between the parties in the prior action to quiet title to the same property. If they had been so determined, then the decree in the former action is *res judicata* of the issues in the instant case.

The facts are not in dispute. King county, by virtue of a foreclosure, had secured a tax deed to the property at a time prior to the happening of any of the events material to this controversy. The decree of foreclosure and the tax deed both described the property with reference to an unrecorded plat.

May 15, 1948, the property was sold at public sale by the city of Seattle in the foreclosure of a local improvement assessment lien. A certificate of purchase was issued to the city. On January 8, 1949, prior to the filing of the former action to quiet title, plaintiff purchased the certificate from the city for $26.01, and it was assigned to him.

In the meantime, however, defendants, who owned the adjoining property to the north, applied, on September 16, 1948, to King County to have the property sold at public auction. They were advised by the county that its title was defective because of the inaccurate description, and that they should secure a deed from the former owner. Consequently, defendants secured a warranty deed from the former owner on October 25, 1948.

In accordance with defendants' request, King county sold the property at public auction on November 4, 1948. Defendants had left their written bid and deposit with the county and did not attend the sale. Plaintiff was the successful bidder. He paid $592 upon his contract of purchase with the county.

Shortly thereafter, defendants notified plaintiff of their interest in the property.

April 19, 1949, defendants, Mr. and Mrs. Hudson, commenced the former action to quiet title. They made Mr. Symington, who was then in possession of the property, and King county parties defendant. The complaint alleged that Mr. Symington claimed "some interest in the property," having derived it through King county, but that the interest, if any, was inferior and subject to all of the rights of the plaintiff. The complaint prayed for the cancellation of the tax foreclosure and that "the title of the plaintiffs in and to the property . . . be quieted in the plaintiffs as against all defendants . . ."

Mr. Symington, who testified at the trial, answered the complaint and pleaded two affirmative defenses, *but he did not disclose or plead his ownership of the certificate of purchase issued to the city of Seattle which had been assigned to him on January 8, 1949.*

After trial upon the issues, a decree was entered March 22, 1950, (a) vacating and setting aside the tax foreclosure sale because of the insufficient description of the property; (b) holding that the plaintiffs (defendants in the instant case) were the owners of the property in fee simple; and (c) adjudging:

"That the claims of the defendants, . . . D. D. Symington and Jane Doe Symington, his former wife, . . . and all who claim title under them, in and to said real property are without any right whatever. Said defendants, . . . have no right, title, lien, interest, claim or estate whatsoever in or upon said real property or any part thereof and they and all persons claiming under them are hereby enjoined and debarred from claiming or asserting any estate, right, title, interest in or claim or lien upon said real property or any part thereof."

Mr. Symington appealed from this decree, but the appeal was later dismissed upon stipulation.

On May 16, 1950, plaintiff, Mr. Symington, was issued a local improvement assessment deed by the city of Seattle, pursuant to the certificate of purchase held by him at the time of the trial of the former action to quiet title.

June 16th, he commenced this action to quiet title, alleging he was the owner of the property in fee simple, and that defendants claimed some right of ownership therein which was inferior to his paramount title. The trial court found, in accordance with the affirmative defenses pleaded, that the judgment in the former action to quiet title was *res judicata* of the matters presented by plaintiff's complaint; and that plaintiff was estopped from claiming any interest in the property. A decree was entered (a) denying the relief sought by plaintiff; (b) declaring void the deed from the city of Seattle to plaintiff; and (c) ordering defendants to reimburse plaintiff $26.01 paid by him for the certificate of purchase.

From this decree, plaintiff has appealed.

Plaintiff first assigns as error the court's finding that all of the issues have been previously adjudicated between the parties in the former action to quiet title. The question thus presented is one of law and not of fact.

Plaintiff argues that, at the time of the former quiet-title action, he had no "claim" and no "right, title, lien, interest, claim or estate whatsoever in or upon said real property," and hence the prior action did not have any effect upon or application to the certificate of purchase owned by him at that time.

RCW 7.28.010 (Rem. Rev. Stat., § 785, part.) provides:

"Any person having a valid subsisting interest in real property, and a right to the possession thereof, may recover the same by action in the superior court of the proper county, to be brought against the tenant in possession; if there is no such tenant, then against the person *claiming the title or some interest therein*, and may have judgment in such action quieting or removing a cloud from plaintiff's title." (Italics ours.)

RCW 7.28.290 (Rem. Rev. Stat., § 809) provides:

"Any person in possession . . . of real property . . . may maintain a civil action against any person . . . claiming an interest in such real property . . . adverse to him . . . for the purpose of determining such claim, estate, or interest; . . ."

RCW 7.28.320 (Rem. Rev. Stat., § 809-2) provides:

"The fact that any person against whom such action may be brought is in possession of the property or evidence of title thereto shall not prevent the maintenance of such suit."

Did plaintiff have some "interest therein" by reason of his certificate of purchase from the city of Seattle? RCW 35.50.030 *et seq.* (Rem. Rev. Stat. (Sup.), § 9386) sets forth the procedure for the foreclosure of local improvement assessments. The certificate of sale, pursuant to the statute, provides:

". . . that the purchaser . . . will be entitled to a deed at the expiration of the period of redemption provided for herein unless redemption be made. . . ."

Rem. Rev. Stat. (Sup.), § 9386-k (RCW 35.50.190) provides:

"Any lot or tract hereafter so sold shall be subject to redemption within two years from the date of sale. Redemptions may be made by the parties designated in, and shall be governed by, the statutes now or hereafter enacted which are applicable to redemptions from sales made under decrees foreclosing mortgages on real property: . . ."

The interest which plaintiff received by his certificate of sale (and we need not define that interest further for the purpose of this action) could, under certain circumstances, have ripened into an absolute title; and it could

have been lost by a redemption. To redeem is to *regain* by the satisfaction of some obligation. We have consistently held, since *Lemon v. Waterman,* 2 W. T. 485, 7 Pac. 899, that our statutes enlarged the equity jurisdiction of the court so as to embrace a case wherein the adverse interest does not constitute a cloud, and that the action would lie, notwithstanding the "absolute invalidity of the claim or estate against which the true owner is moving." *O'Neil Land Co. v. Judge,* 196 Wash. 224, 82 P. (2d) 535. It follows that plaintiff had "some interest" in the real property by reason of his certificate of sale owned at the time of the former action to quiet title.

Plaintiff urges that, in any event, the decree (the appropriate portion is quoted *supra*) is much too broad in its language and not authorized by the statute. It has long been the practice for decrees, in actions to quiet title, to be in broad and sweeping terms, although such language is not found in RCW 7.28.010 *et seq.* (Rem. Rev. Stat., § 785) or in RCW 7.28.290 (Rem. Rev. Stat., § 809). However, there exists a legislative interpretation of the phrase "claiming the title or some interest therein," as it appears in RCW 7.28.010.

RCW 4.28.150 (Rem. Rev. Stat., § 231) provides:

"In any action brought to determine any adverse claim, estate, lien, or interest in real property, or to quiet title to real property, the plaintiff may include as a defendant . . . the following, viz: 'also all other persons or parties unknown claiming any *right, title, estate, lien, or interest* in the real estate described in the complaint herein.' Service of summons may be had upon all such unknown persons or parties defendant by publication. . . ." (Italics ours.)

In an action to quiet title under our statutes, "claiming the title *or some interest therein*" is as broad as "claiming or asserting any estate, right, title, interest in or claim or lien upon said real property." Were it not thus, then a plaintiff in the same quiet-title action would have one remedy against a known defendant and another against an unknown defendant.

Nor did the issuance by the city of the local improvement assessment deed, under the circumstances here, create a completely new title in Mr. Symington on *May 16, 1950*. The deed, to be valid, had to be based upon a valid assessment lien, the foreclosure of that lien, the sale of the property for the payment of the lien, the issuance of a proper certificate of purchase, and the lapse of the statutory period of time. Plaintiff's interest in the property was initiated when, on January 8, 1949, the city assigned to him the certificate of purchase. The deed, had it not been for the decree in the former action to quiet title, would have been simply the fruition of the original interest acquired by him under the certificate.

■ Under our statute, the issue in the former action to quiet title, was not alone or principally the determination of the validity of the county tax foreclosure. As we said in *Manahan v. Aumiller*, 110 Wash. 673, 188 Pac. 789:

"The determination of that question is but one of the incidents to the determination of the larger and embracing issue as to *who has the superior title*, legal or equitable, to the real property. *McLiesh v. Ball*, 58 Wash. 690, 109 Pac. 209, 137 Am. St. 1087." (Italics ours.)

The gravamen of the action was a determination of all of the interests in the property claimed by the defendants. The action was not aimed at a particular piece of evidence but was directed to all of the pretensions of Mr. Symington to the title. It put him to a disclaimer or to allegations and proof of all of the interests which he claimed to the property, the nature of which were known to him, or by the use of diligence, could have been known. *Watson v. Glover*, 21 Wash. 677, 59 Pac. 516.

■ In *Burke Motor Co. v. Lillie*, 39 Wn. (2d) 918, 239 P. (2d) 854, we held that to have a judgment *res judicata* in a subsequent action there must be a concurrence of identity in four respects: (1) of subject-matter; (2) of cause of action; (3) of persons and parties; and (4) in the quality of the persons for or against whom the claim is made.

■ We have here the same subject-matter, the same parties, and the same quality of persons. The causes of action in the two actions to quiet title were the same: the determination of the superior title to the property based upon facts, all of which were in existence at the time of the first judgment, and which were, or could have been, litigated therein. The judgment in the first action operated upon every claim which properly belonged to the subject of the litigation. *Sayward v. Thayer,* 9 Wash. 22, 36 Pac. 966, 38 Pac. 137. As we have pointed out heretofore, Mr. Symington owned the certificate of purchase at the time of the first action. It properly belonged to the subject-matter of that litigation. The law requires that there shall be an end to litigation, and where a party has had a full and fair opportunity to make all of the defenses at his command, and he elects not to disclose his claim, as did Mr. Symington, the doctrine of *res judicata* applies and he cannot later assert it. *Youngquist v. Thomas,* 196 Wash. 444, 83 P. (2d) 337. The judgment was conclusive upon the issue of the paramount title and of everything that might have been urged for or against such title.

The trial court did not err in finding that all of the issues had been previously adjudicated between the parties in the former action to quiet title.

Plaintiff's remaining assignments of error, except one, are directed to conclusions of law based upon the finding of fact we have just approved. They are without merit.

■ Plaintiff's last assignment of error is directed to the trial court's denial of a motion for a new trial. It is based upon alleged bias or prejudice of the trial judge. The record discloses that plaintiff has confused previously acquired knowledge of the law by the trial judge with a previously conceived opinion of the facts. In *Elston v. McGlauflin,* 79 Wash. 355, 140 Pac. 396, cited by plaintiff, the trial judge had made an independent investigation of the facts. The case is not applicable here.

The judgment is affirmed.

SCHWELLENBACH, C. J., MALLERY, GRADY, and DONWORTH, JJ., concur.