[No. 55-40603-2.   Division Two.   February 11, 1970.]

JANICE CACEK, *Appellant*, v. THEODORE E. BOUCHER *et al.*, *Respondents.*

*Joseph J. Roller,* for appellant.

*Anderson & Bingham* and *Murray J. Anderson,* for respondents.

PEARSON, J.—This is an appeal by the plaintiff, Janice Cacek, a widow, from an order granting judgment on the pleadings in favor of the defendants, Theodore E. Boucher and Donna L. Boucher.

The complaint, filed on July 1, 1968, seeks alternative relief. The first request seeks to quiet title in plaintiff to certain property and alleges:

That heretofore in cause no. 153924 the above named defendants did bring suit against the plaintiff and her deceased spouse for the purpose of claiming title to a certain portion of Lots one and two, Block two, Lincoln Park Addition to Tacoma, Washington. That title to said property was conveyed to the plaintiff by deed dated September 8th, 1953 and recorded September 14th, 1953 in Vol 1045 at page 670, records of Pierce County Auditor. That the action of the defendants in Pierce County cause No 153924 was commenced November 5th, 1962 and a les pendis [sic] was filed. Thereafter on June 30th, 1966 the action of Cause No 153924 was dismissed. Upon the dismissal the title to the property in dispute if not vested by the deed vested by reason of the adverse possession of the plaintiff who in good faith for more than the period prescribed by statute, both with and without color of title, has openly in the manner prescribed by the laws of the state of Washington claimed title adverse to that of defendants.

The alternative request is for a return of the taxes in the sum of $1,900, allegedly paid on the disputed property by the plaintiff. Defendant's answer alleged that the dismissal of Pierce County cause No. 153924 was subsequently vacated because of defective notice and judgment was entered quieting title to the disputed property in the defendants Boucher.

Neither party has certified to this court any portions of the record in Pierce County cause No. 153924. However, plaintiff concedes in her brief and in argument that a final judgment was entered in Pierce County cause No. 153924, quieting title in defendants to the same property for which

she seeks relief in this action. It also appears that the record in that cause was considered by the trial court in making its determination to dismiss this action.

Plaintiff's claim appears to be that throughout the pendency of Pierce County cause No. 153924, and thereafter, she was not physically ejected from the disputed property and consequently she has, by the passage of time, obtained title by adverse possession.

No Washington decisions have been cited in support of plaintiff's claim and since the subject matter of this action is entirely statutory in Washington, we do not deem the early Oregon case relied upon by plaintiff as authoritative. *See Bessler v. Powder River Gold Dredging Co.*, 90 Ore. 663, 176 P. 791, 178 P. 237 (1918). Furthermore, that case is distinguishable. The earlier quiet title action brought by the plaintiff in *Bessler* had been dismissed without an affirmative order quieting title in favor of the defendant. Consequently, it was held that the 10-year adverse possession statute continued to run in plaintiff's favor and did not preclude a later action to establish plaintiff's claim of title by adverse possession.

In this case, title to the disputed property was quieted in defendants in the earlier action. RCW 7.28.010, on which we are told Pierce County cause No. 153924 was grounded, creates an action to recover possession *and* to establish the superior title to real property. Since the right to possession is an inherent part of an action to quiet title, we cannot see how it can be logically argued that an adverse possession claim will survive the award of possession and title to the person against whom such claim is asserted.

■ The issue in this case is similar to that presented to the Supreme Court in *Symington v. Hudson*, 40 Wn.2d 331, 243 P.2d 484 (1952). That case, like the one at bar, involved a second quiet title action between the same parties and involving the same property. In the initial action, title had been quieted in the defendants Hudson. In the second action, the plaintiff attempted to establish ownership through a certificate of ownership issued to the city of Seattle,

which had been assigned to him prior to the first action, but which he had not pleaded or disclosed in that suit.

The issue there involved was stated by the Supreme Court at 332:

> The question is whether or not all of the issues raised by the pleadings had been adjudicated previously between the parties in the prior action to quiet title to the same property. If they had been so determined, then the decree in the former action is *res judicata* of the issues in the instant case.

Notwithstanding the fact that the plaintiff in *Symington* had failed to assert his title claim on the same grounds in the first action, the Supreme Court held that he was barred by the doctrine of res judicata as to the grounds not asserted therein, stating at 337:

> The gravamen of the action [quiet title, RCW 7.28.010] was a determination of all of the interests in the property claimed by the defendants. The action was not aimed at a particular piece of evidence but was directed to all of the pretensions of Mr. Symington to the title. It put him to a disclaimer or to allegations and proof of all of the interests which he claimed to the property, the nature of which were known to him, or by the use of diligence, could have been known. *Watson v. Glover*, 21 Wash. 677, 59 Pac. 516.

*Symington* must be held dispositive of the case at bar. Plaintiff's claim of adverse possession and her alternative claim for taxes *were* or *could have been* claimed at some time during the pendency of Pierce County cause No. 153924.

We, therefore, conclude that the trial court properly ruled that the issues raised by plaintiff's complaint had been adjudicated by the parties previously and that the former action was res judicata of those issues.

The judgment is affirmed.

ARMSTRONG, C. J.; and PETRIE, J., concur.