**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TARAH SAHLBERG, | No. 13-35651 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-01457-RSL |
| v. | |
| P.S.C. INC.; ADAMS & ADAMS LAW, P.S., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Argued and Submitted September 3, 2015
Seattle, Washington

Before: McKEOWN, GOULD, and N.R. SMITH, Circuit Judges.

Tarah Sahlberg appeals the district court's summary judgment dismissing

her claims against P.S.C., Inc. and Adams & Adams Law under the Fair Debt

Collection Practices Act (FDCPA) and the Washington Consumer Protection Act

(CPA).  In 2012, Adams & Adams brought a collection action on behalf of its

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

client P.S.C. against Sahlberg in King County Superior Court. Sahlberg raised affirmative defenses, including violations of the FDCPA and the CPA. The Superior Court granted summary judgment in favor of P.S.C. Weeks later, Sahlberg filed this suit in federal court alleging violations of the FDCPA and CPA against P.S.C. and Adams & Adams. The district court granted summary judgment on the grounds of res judicata and collateral estoppel. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

We review a grant of summary judgment *de novo*. *Clark v. Bear Stearns & Co., Inc.*, 966 F.2d 1318, 1320 (9th Cir. 1992). We apply Washington State law to determine the preclusive effect of the state court judgment. *See Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 466 (1982); 28 U.S.C. § 1738. Under Washington law, res judicata "prohibits the relitigation of claims and issues that were litigated, or could have been litigated, in a prior action." *Pederson v. Potter*, 11 P.3d 833, 835 (Wash. Ct. App. 2000) (citing *Loveridge v. Fred Meyer, Inc.*, 887 P.2d 898, 900 (Wash. 1995) (en banc)). For a subsequent action to be barred by res judicata, the prior judgment must be a final judgment on the merits, and the prior and subsequent actions must have identical (1) persons and parties, (2) causes of action, (3) subject matter, and (4) quality of persons for or against whom the claim is

---

[1] We also deny Sahlberg's Motion for Leave to File Supplemental Brief.

made. *Id.* In considering whether two causes of action are identical, Washington courts consider: "(1) [W]hether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts." *Rains v. State*, 674 P.2d 165, 168 (Wash. 1983) (en banc) (quoting *Constantini v. Trans World Airlines*, 681 F.2d 1199, 1201–02 (9th Cir. 1982)).

Sahlberg's claims against P.S.C. are barred by res judicata. The state court's entry of summary judgment in favor of P.S.C. was a final judgment on the merits. *See Ensley v. Pitcher*, 222 P.3d 99, 103 (Wash. Ct. App. 2009). Both the prior state court litigation and the subsequent federal court litigation involved Sahlberg and P.S.C., so there are identical parties and quality of persons in both actions. *Pederson*, 11 P.3d at 838. The subject matter of the affirmative defenses to the state suit and the federal claims here is the same. There are also identical causes of action: P.S.C.'s rights established in the state court judgment would be impaired by Sahlberg's federal court action, and both suits present substantially the same evidence, involve the infringement of the same rights, and arise from the same transactional nucleus of facts. Although Sahlberg asserted the FDCPA and CPA

3

claims as affirmative defenses, under Washington law the doctrine of res judicata applies equally to claims and affirmative defenses. *See Symington v. Hudson,* 243 P.2d 484, 488 (Wash. 1952); *Fed. Deposit Ins. Corp. v. Davidyuk*, No. C13-1592JLR, 2014 WL 2893309, at *11 (W.D. Wash. June 25, 2014).

We next address the claims relating to Adams & Adams. Under Washington law, collateral estoppel applies when the following elements are met: "(1) identical issues; (2) a final judgment on the merits; (3) the party against whom the plea is asserted must have been a party to or in privity with a party to the prior adjudication; and (4) application of the doctrine must not work an injustice on the party against whom the doctrine is to be applied." *Southcenter Joint Venture v. Nat'l Democratic Policy Comm.,* 780 P.2d 1282, 1284 (Wash. 1989) (en banc) (quoting *Shoemaker v. Bremerton*, 745 P.2d 858, 860 (Wash. 1987) (en banc)). The issue must also have been material and essential to the first judgment. *See East v. Fields,* 259 P.2d 639, 640 (Wash. 1953) (en banc). Washington courts "apply nonmutual collateral estoppel so long as the party against whom preclusion is sought was a party or in privity with a party to the prior litigation and had a full and fair opportunity to litigate the issue in question." *State v. Mullin-Coston*, 95 P.3d 321, 324 (Wash. 2004) (en banc). Although res judicata bars claims that could have been raised in a prior action, *Pederson*, 11 P.3d at 835, collateral

4

estoppel bars issues that were previously raised and litigated. *Yakima Cnty. v. Yakima Cnty. Law Enforcement Officers Guild,* 237 P.3d 316, 331 (Wash. Ct. App. 2010).

Sahlberg's claims against Adams & Adams are barred by collateral estoppel. The issues raised are identical to those raised in the state court, where Sahlberg's counsel alleged violations of the FDCPA and CPA as affirmative defenses. Summary judgment is a final judgment on the merits. Sahlberg, the party against whom collateral estoppel is asserted, was a party in the prior adjudication. There is no injustice to Sahlberg, who had the opportunity to litigate her FDCPA and CPA claims in the prior state court action. The state court decision, rendering summary judgment for P.S.C. against Sahlberg, necessarily rejected the affirmative defenses that Sahlberg had raised. This rejection of the affirmative defenses based on the FDCPA and CPA claims was material and essential to the state court's decision to award summary judgment. The issues were actually litigated, and collateral estoppel applies to preclude claims here against Adams & Adams based on the FDCPA and CPA.

**AFFIRMED.**